IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-01639-LTB-KLM

LORRAINE B. MALDONADO,

    Plaintiff,

v.

MY TWINN,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter comes before the Court pursuant to three motions to dismiss: (1) Defendant's Motion to Dismiss Pursuant to Rule of Civil Procedure 12(b)(6) [Docket No. 19, Filed July 27, 2007]; (2) Defendant's Amended Motion to Dismiss Pursuant to Rule of Civil Procedure 12(b)(6) [Docket No. 23, Filed October 5, 2007]; and (3) Plaintiff's Motion to Dismiss [Docket No. 25, Filed October 24, 2007].  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C, the matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Defendant's Amended Motion to Dismiss [Docket No. 23] and Plaintiff's Motion to Dismiss [Docket No. 25] be **granted**. The Court further recommends that Defendant's Motion to Dismiss [Docket No. 19] be **denied as moot**.[1]

---

[1] The Court conducted a Scheduling Conference on September 13, 2007 [Docket No. 22], wherein it directed Defendant to file an amended motion to dismiss to correct deficiencies in its pending motion [Docket No. 19].  Defendant's Amended

Defendant's Amended Motion to Dismiss [Docket No. 23] alleges that Plaintiff's Complaint, which asserts a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., should be dismissed because Plaintiff was never employed by Defendant, but rather by a company named "The Lifelike Company d/b/a My Twinn." Defendant further asserts that Plaintiff's former employer, The Lifelike Company, is currently a debtor in a bankruptcy proceeding pending in the United States Bankruptcy Court, District of Colorado. Defendant provides pleadings establishing that it bought substantially all of the assets of The Lifelike Company in 2004, free of any encumbrances and liens. Plaintiff's Motion to Dismiss [Docket No. 25] likewise recognizes that Defendant My Twinn was not her employer, and thus is not the proper Defendant to her action.

The Court RECOMMENDS that Plaintiff's Motion to Dismiss [Docket No. 25] and Defendant's Amended Motion to Dismiss [Docket No. 23] be **granted**. Plaintiff's case is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2). In addition, the Court recommends that each party bear its own costs and attorney fees.

The Court further RECOMMENDS that Defendant's Motion to Dismiss [Docket No. 19] be **denied as moot**.

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985),

---

Motion to Dismiss [Docket No. 23] replaces the previous motion.

and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 6, 2007

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix